UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAILA MINAYA MARCANO-PENA, | : | Case No. 3:24-cv-1582 (SVN) |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN, et al., | : | |
| *Respondents*. | : | February 20, 2025 |

### ORDER DENYING PETITION AND MOTION FOR SENTENCE MODIFICATION

Petitioner Kaila Minaya Marcano-Pena, currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, *see* Pet., ECF No. 1, and has also moved for an emergency modification of her sentence, *see* Emergency Mot. for Modification of Sent., ECF No. 3. In her petition, Marcano-Pena asserts only one ground for relief: that the Bureau of Prisons ("BOP") be ordered to release her or place her on home confinement under the Second Chance Act ("SCA"). ECF No. 1 at 7–8. In her motion, she seeks transfer to home confinement or supervised release, or a court order directing BOP to place her in pre-release custody for the longest possible time, under both the SCA and the First Step Act ("FSA"), because of her mother's ailing health condition. ECF No. 3 at 1–2. Respondents have construed the filings as seeking sentence modification, an order for home confinement under the SCA, and application of time credits earned under the FSA. *See* Response to Order to Show Cause, ECF No. 14. They argue that relief is not warranted on any of these claims. *Id.* For the following reasons, the Court agrees, and the petition and motion are denied.

I.  BACKGROUND

Petitioner was convicted in the United States District Court for the Southern District of New York, and is currently serving a forty-two month sentence of incarceration at FCI Danbury. ECF No. 1 at 1; ECF No. 14-1 at 1.  Her projected release date, assuming she earns all possible good time credits and applying ninety days of FSA credits, is February 7, 2026.  ECF No. 14-1 at 2.[1]  Petitioner's earliest possible date for conditional transfer to the community under the SCA is September 10, 2025.  ECF No. 14-3 at 3.

On October 31, 2024, the Warden of FCI Danbury recommended that Petitioner be transferred to a Residential Reentry Center ("RRC") on December 5, 2024.  ECF No. 14-2.  Petitioner has been approved for RRC placement starting March 5, 2025.  ECF No. 14 at 5; ECF No. 18 at 1.

In addition to the § 2241 petition and emergency motion filed here, Petitioner is also pursuing a motion for a sentence reduction in her sentencing court, which remains pending.  *See United States v. Marcano-Pena*, No. 1:20-cr-59 (VSB), ECF No. 195 (S.D.N.Y.).

II.  LEGAL STANDARD

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence.  Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations.  *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006).

---

[1] The BOP's inmate locator website reports, on the other hand, that Petitioner's release date is December 24, 2025.  *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last searched by Petitioner's name on February 19, 2025).

### III. DISCUSSION

The Court denies the petition for the reasons explained below. First, as to Petitioner's request for a sentence modification for extraordinary and compelling reasons, including her mother's ailing health, this Court is not the appropriate forum in which to seek such relief. Second, as to Petitioner's request for an order that she be immediately transferred to home confinement or supervised release under the SCA, the issue of her placement is a discretionary decision reserved for the BOP. Third, Petitioner's FSA time credits have been correctly calculated and applied, and the Court does not address the additional FSA time credit issues that were not raised in the original petition.

#### A. Sentence Modification

First, the Court holds that Petitioner's arguments for a sentence modification must be pursued in the sentencing court. Petitioner seeks immediate transfer to supervised release but does not state that she has earned sufficient FSA credits to be eligible for such a transfer. To the extent that she is asking that her sentence be modified to permit such transfer based on her extraordinary family circumstances, this request must be filed in the sentencing court. *See Castelle v. Pullen*, No. 3:22-cv-297 (KAD), 2022 WL 4448898, at *4 (D. Conn. Sept. 23, 2022) ("A request for a sentence reduction or for compassionate release under 18 U.S.C. § 3582 must be made to the sentencing court that imposed that sentence." (citations omitted)).[2] Thus, to the extent that the petition may be construed to include a claim for sentence modification, the petition is denied on this ground.

---

[2] In her opposition to Respondent's response to the Order to Show Cause, Petitioner clarifies she "is not filing a compassionate release motion." ECF No. 18 at 1. Despite this representation, the Court nonetheless believes Petitioner is making a sentence reduction argument that must be pursued in the sentencing court.

B.  Home Confinement under the SCA

Next, the Court denies the petition's claims for transfer under the SCA. In her petition, Petitioner seeks an order that she be transferred to pre-release custody on home confinement under the SCA. In her opposition brief, Petitioner acknowledges that she was recommended for RRC placement as of December 5, 2024, and that the BOP approved the placement as of March 5, 2025. ECF No. 18 at 1. The Court interprets Petitioner as arguing, first, that the BOP should not have delayed her RRC placement from December until March and, second, that the BOP should transfer her to home confinement rather than an RRC and that the transfer should be immediate. *See id.* at 3. Both arguments fail.

"[I]t is well established that the district court does not control how the Executive Branch carries out a defendant's sentence." *United States v. Kanagbou*, 726 F. App'x 21, 25 n.1 (2d Cir. 2018) (summary order) (citing 18 U.S.C. § 3621(b)). "[F]ederal law vests the BOP with plenary power to designate where inmates serve their sentences." *United States v. Woody*, 463 F. Supp. 3d 406, 408-09 (S.D.N.Y. 2020) (citing 18 U.S.C. § 3621(b) and denying request to be transferred to home confinement during the COVID-19 pandemic). District courts within the Second Circuit have "uniformly held that decisions regarding pre-release custody rest within the discretion of the BOP and that they lack authority to order a transfer to pre-release custody" in an RRC or on home confinement. *See, e.g., Bortner v. Stover*, No. 3:24-CV-281 (VAB), 2024 WL 3595922, at *3 (D. Conn. July 31, 2024) (denying petition on ground that the court lacks authority under the Second Chance Act to order petitioner transferred to home confinement and citing cases holding that the Second Chance Act, First Step Act, and CARES Act do not remove transfer decisions from sole BOP discretion); *see also, e.g., Rivera-Perez v. Stover*, No. 3:23-CV-1348 (SRU), 2024 WL 4819250, at *9 (D. Conn. Nov. 18, 2024) ("BOP has the exclusive authority to determine the

4

facility where an inmate will serve his sentence and to transfer the inmate from one facility to another"; denying request for transfer from RRC to home confinement (quoting *Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 1658836, at *2 (D. Conn. May 25, 2022) (internal quotation marks omitted))); *Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) ("[T]he BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed in an RRC . . . .") (internal quotation marks omitted).

As the decisions to transfer Plaintiff to an RRC rather than home confinement and when to effect the transfer are discretionary decisions reserved to the BOP, the petition is denied on this ground.

        C. <u>Time Credits under the FSA</u>

Finally, the Court finds that Petitioner's FSA time credits have been properly calculated and applied, and does not reach the issue of whether Petitioner was eligible to earn FSA time credits before she arrived at FCI Danbury.

Petitioner's petition made no mention of the FSA, as it sought relief only under the SCA. *See generally* ECF No. 1. In their response to the Court's Order to Show Cause, Respondents nonetheless argued that Petitioner's FSA credits have been properly calculated and applied. *See* ECF No. 14 at 8–10. Respondent's filing in turn prompted a response from Petitioner arguing that she was improperly prohibited from earning FSA time credits while being held at Metropolitan Detention Center ("MDC") Brooklyn, *see* ECF No. 18; a subsequent reply from Respondent, arguing that Petitioner had failed to exhaust administrative remedies as to that issue and that such a challenge would fail on the merits, in any event, *see* ECF No. 20; and a surreply from Petitioner, contending that she did attempt to exhaust administrative remedies on this issue and that she should

5

have been allowed to earn FSA time credits while at MDC Brooklyn between the date of her sentencing and her ultimate transfer to FCI Danbury, *see* ECF No. 21.

Generally, issues first raised in a reply brief are waived. *See Seidl v. Am. Century Cos.*, 427 F. App'x 35, 38 n.1 (2d Cir. 2011) (summary order); *Farmer v. United States*, No. 15-cv-6287 (AJN), 2017 WL 3448014, at *3 (S.D.N.Y. Aug. 10, 2017) ("Courts have repeatedly held that arguments raised for the first time in reply briefs are waived, and courts have routinely applied this rule to *pro se* litigants."). Thus, because Petitioner's first mention of any claim under the FSA was brought in her reply brief, the Court could deem the issue waived. The Court recognizes, however, that Respondents effectively invited argument from Petitioner about the calculation and application of her FSA time credits, by themselves briefing this issue in their response to the Court's Order to Show Cause. *See* ECF No. 14 at 8–10.

The Court therefore exercises is discretion to address the issue, but only as it relates to the argument Respondents made in their response: that Petitioner had not earned sufficient FSA time credits to equal the remainder of her sentence of imprisonment. *See id.* The Court declines to reach Petitioner's argument from her reply brief regarding her inability to accrue FSA time credits while being held at MDC Brooklyn, as that issue was not invited by Respondents' argument, but is instead entirely new. Petitioner did not file an amended petition to include this issue, and she cannot amend her petition through her responses to Respondents' filings. *See Parker v. Nash*, No. 3:23-cv-183 (KAD), 2023 WL 3956632, at *1 (D. Conn. May 4, 2023) (petitioner cannot amend petition through memorandum (citing *Wilson v. Baird*, No. 3:11-cv-1304 (MRK), 2012 WL 2154209, at *5 (D. Conn. June 13, 2012)); *see also Swinton v. Pullen*, No. 3:22-CV-290 (CSH), 2023 WL 2613539, at *4 (D. Conn. Mar. 23, 2023) (petitioner's motion for additional relief "was

substantively defective because it addressed matters outside the scope of the dispute framed in his petition"). Petitioner is free to file a new petition addressing that issue, however.

As to the question Respondents briefed—whether Petitioner was entitled, as of the date of her petition, to have her FSA time credits applied toward release to pre-release custody—the Court concludes she was not so entitled. The FSA is intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs"). *See Clark v. Jamison*, No. 3:23-cv-455 (MPS), 2023 WL 7300582, at *1 (D. Conn. Nov. 6, 2023). Inmates earn time credits upon successful participation in these activities, qualifying them for early release from custody. *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). Application of the time credits will enable an inmate to be transferred sooner to prerelease custody—either in a residential reentry center or on home confinement—or to supervised release. *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(2) & (3).

Although an inmate accumulates FSA time credits each month, she is eligible to have those credits applied only when she has "earned time credits under the risk and needs assessment system . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A); *see also Pujols v. Stover*, No. 3:23-cv-564 (SVN), 2023 WL 4551423, at *2 (D. Conn. July 14, 2023) (collecting cases).

Petitioner's conditional release date is September 10, 2025. ECF No. 14-3 at 3. If she had accumulated 365 days of FSA time credits, she could have been transferred to supervised release as early as September 10, 2024. *See* 18 U.S.C. § 3624(g)(3) ("[T]he Director of the Bureau of Prisons may transfer [her] to begin any such term of supervised release at an earlier date, not to exceed 12 months . . . ."). But she had not accumulated sufficient time credits to warrant transfer under the FSA as of the date of the petition. Respondents submit evidence showing that, as of

7

November 4, 2024, Petitioner had accumulated only ninety FSA time credits toward early transfer to supervised release and no credits toward transfer to pre-release custody. *See* Doc. No. 14-3 at 1.  As she had not yet accumulated sufficient credits equal to the time remaining on her sentence as of the date of her petition, any request for immediate application of FSA time credits is denied.

## IV.     CONCLUSION

The petition for writ of habeas corpus, ECF No. 1, and emergency motion, ECF No. 3, are DENIED.  The Clerk is directed to close this case. Any appeal of this order would not be taken in good faith.

**SO ORDERED** at Hartford, Connecticut, this 20th day of February, 2025.

                                     */s/ Sarala V. Nagala*
                                     SARALA V. NAGALA
                                     UNITED STATES DISTRICT JUDGE